■ The opinion of the Court was delivered -by

Mr. Justice Johnson.

It is certainly true, that in declaring on a contract, it is incumbent on the plaintiff to sot out a day; for the obvious purpose of pointing the defendant to the precise contract on which he sues; thereby enabling him to shape his defence so as to meet it fairly; and it is equally true, that a defendant could never be • compelled to plead to a declaration in which the' day was not stated. By pleading to the merits, the defendant has admitted that he was satisfied as to the identity of the contract, and all the rational purposes for which the allegation of a day is wanting, •is attained. If it had been necessary, to enable the defendant t© plead, he might have forced the plaintiff to it by special demurrer; and the objection comes too late at this 'stage of the case.
The rule of court which requires that an account or bill of particulars should be filed with the declaration, has in view precisely the same object, which renders a day certain necessary; and the same rule will equally apply to ibis objection generally; but in this case, there are additional reasons why the motion.^ should not prevail on this ground. The second count, to which the evidence exclusively applied, sets out a contract, raised on the delivery-of a specific quantity of cotton; and I am at a loss to know how any bill of particulars founded on it, could furnish the defendant with more information than is contained in the count itself. In any view of it, this objection, like the former, came toó late: the defendant could only take advantage of it by special demurrer. The motion is dismissed.
The brief in this case, contained a ground for a new trial, but had no foundation in point of fact, and is not therefore noticed. —
JVott, Richardson, Huger, Colcock, Gantt — Justices, concurred.